## Yablonski v. Stephens

C.P. of Huntingdon County, no. 97-1708.

*Louis Schmitt* Jr, for plaintiff.
*David A. Ody,* for defendant.

KURTZ, J., April 23, 1998—Defendant Gary Stephens objects to a subpoena which plaintiff by written notice has indicated she intends to serve as part of her discovery in this litigation. See Rule 4009.21(a)(b)(c), Pa.R.C.P. After lively argument, we are persuaded that the objections are not meritorious,

and we will enter an order consistent with that conclusion.

## BACKGROUND

Brenda Yablonski was injured in an automobile accident on January 22, 1997. Who was driving the vehicle owned by plaintiff is problematic, as each party in this cause has identified the other as the operator. Prior to initiation of this action, Mrs. Yablonski through counsel filed a claim with her insurance carrier, Nationwide Insurance Company, for uninsured motorist benefits. Nationwide, it is believed, conducted an extensive investigation of the claim, and it negotiated toward settlement with plaintiff's counsel. When these discussions were unavailing, this case was filed in due season. The seed of the present controversy is the fact that Mr. Stephens is also insured by Nationwide.

The subpoena at issue is directed to a claims representative of Nationwide and it demands that she produce "all claims and investigations of the January 22, 1997, accident in which Ms. Yablonski was involved." Plaintiff's counsel, at argument, particularized that the focus of the subpoena is information obtained by Nationwide during its investigation of Ms. Yablonski's claim under her own insurance policy. Counsel indicated that he has reason to believe that Nationwide unearthed evidence favorable to her factual assertion that she was not driving her car at the time of the accident.

Citing two procedural rules regulating discovery, defendant believes that the sought after information is beyond the pale of discovery. We will consider the objections seriatim.

First, Rule 4003.3, Pa.R.C.P., was put forth as a barrier to the procurement of the information requested. That directive provides in pertinent part that discovery re-

quests "shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." As a corollary, it was asserted that the subpoena "is so overbroad and generalized to require the disclosure of communications which would be protected by the attorney-client privilege."

The argument misses the mark since we are persuaded that the interpretation of Rule 4003.3 by the Honorable R. Stanton Wettick Jr. of the Court of Common Pleas of Allegheny County is the proper analysis with respect to the scope of the rule. In *Little v. Allstate Insurance Co.,* 16 D.&C.3d 110 (1980), Judge Wettick concluded that "Rule 4003.3's protections apply only to the litigation of the claim for which the impressions, conclusions and opinions were made." *Id.* at 112. In that case, Allstate had conducted an investigation of a claim for no-fault benefits prior to rejecting plaintiff Little's claim. Judge Wettick, after a careful analysis of the rule, determined that the material was not protected from discovery, and he therefore ordered it turned over to plaintiff.

We perceive no factual difference in this case. Nationwide conducted an investigation of Ms. Yablonski's accident as a result of a claim made by plaintiff on her own policy of insurance. The results of that investigation are relevant to an issue in this case. Therefore, they should be and are discoverable.

Next, the argument was forcefully made that since the defendant does not intend to call any expert that investigated the accident, the material is not discoverable. Under subdivision (a)(3) of Rule 4003.5, no discovery is permitted of experts not expected to be called at trial.

Again, we disagree with the expansive interpretation of the rule. Rule 4003.5(a)(3) prohibits *a party from* discovering facts known or opinions held by an expert retained or employed *by another party.* It says nothing about information gathered by a non-party. Therefore, since Nationwide Insurance Company is not a party to this action, we do not believe that Rule 4003.5(a)(3) forecloses discovery of the information gathered during the investigation of Ms. Yablonski's claim under her own policy of insurance.

## ORDER

For the reasons set forth in a memorandum filed this date, it is ordered that the objections of defendant to the plaintiff's subpoena are dismissed.